# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS

No. 10-505V

**Filed: April 21, 2015**

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \*
ALICIA OLUND,

      Petitioner,

v.

SECRETARY OF HEALTH
AND HUMAN SERVICES,

      Respondent.
\* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

\*
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*
\*

UNPUBLISHED

Special Master Dorsey


Joint Stipulation on Damages;
Human Papillomavirus ("HPV")
Vaccine; Guillain-Barré Syndrome
("GBS"); Chronic Inflammatory
Demyelinating Polyneuropathy
("CIDP"); Autoimmune
Polyneuropathy.

<u>Lawrence R. Cohan</u>, Anapol, Schwartz, et al., Philadelphia, PA, for petitioner.
<u>Debra Begley</u>, United States Department of Justice, Washington, DC, for respondent.

## DECISION[1]

      On August 3, 2010, Alicia Olund ("petitioner")[2] filed a petition for compensation pursuant to the National Vaccine Injury Compensation Program. 42 U.S.C. §§ 300aa-1 to -34 (2006).[3]  Petitioner received an influenza ("flu") vaccine on October 15, 2007, the human papillomavirus ("HPV"), tetanus, diphtheria, acellular-pertussis ("Tdap"), and varicella vaccines on November 6, 2007; a second HPV vaccine on January 14, 2008; and a third HPV vaccine on

---

[1] Because this decision contains a reasoned explanation for the undersigned's action in this case, the undersigned intends to post this ruling on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)).  As provided by Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party:  (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy."  Vaccine Rule 18(b).

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2006) (Vaccine Act or the Act).  All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

[3] The petition was originally filed by Barbara and Curt Olund, petitioner's parents.  On February 12, 2015, Alicia Olund reached the age of majority and the caption of the case was amended on February 18, 2015, to reflect Alicia Olund as the proper petitioner.

September 19, 2008.  Petitioner alleged that she developed Guillain-Barrè syndrome ("GBS") and/or chronic demyelinating polyneuropathy ("CIDP"), and/or an autoimmune polyneuropathy ("AP") that was/were caused in fact by the Human Papillomavirus ("HPV") vaccines she received.  Petitioner furthered alleged that she experienced the residual effects of her condition for more than six months.  See Petition at 1, 6.

On April 17, 2015, the parties filed a stipulation in which they agree that a decision should be entered awarding compensation.

Respondent denies that petitioner's GBS, CIDP, and/or AP, or any other condition, was caused-in-fact by her HPV vaccinations, and/or her Tdap, varicella, and/or her flu vaccinations. Nevertheless, the parties agree to the joint stipulation, attached hereto as Appendix A.  The undersigned finds the stipulation reasonable and adopts it as the decision of the Court in awarding damages, on the terms set forth therein.

The parties stipulated that petitioner shall receive the following compensation:

a. **A lump sum of $160,000.00 in the form of a check payable to petitioner; and**

b. **A lump sum of $25,000.00 in the form of a check payable to petitioner and Barbara and Curt Olund for past unreimbursed medical expenses.**

Stipulation ¶ 8.  These amounts represent compensation for all damages that would be available under 42 U.S.C. §300aa-15(a).

The undersigned approves the requested amount for petitioner's compensation. Accordingly, an award should be made consistent with the stipulation.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court **SHALL ENTER JUDGMENT** in accordance with the terms of the parties' stipulation.[4]

**IT IS SO ORDERED.**

s/ Nora Beth Dorsey
Nora Beth Dorsey
Special Master

---

[4] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

*************************************

ALICIA OLUND,       *
      *
      *
Petitioner,       *       No. 10-505V
      *       SPECIAL MASTER
v.       *       NORA BETH DORSEY
      *
SECRETARY OF HEALTH AND       *
HUMAN SERVICES,       *
      *
Respondent.       *

*************************************

## STIPULATION

The parties hereby stipulate to the following matters:

1.     Petitioner filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10 to 34 (the "Vaccine Program"). The petition seeks compensation for injuries allegedly related to petitioner's receipt of Human Papillomavirus ("HPV") vaccines, which vaccines are contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3 (a).

2.     Petitioner received an influenza ("flu") vaccine on October 15, 2007; HPV, tetanus, diphtheria, acellular-pertussis ("Tdap"), and varicella vaccines on November 6, 2007; a second HPV vaccine on January 14, 2008; and a third HPV vaccine on September 19, 2008.

3.     These vaccines were administered within the United States.

4.     Petitioner alleges that she developed Guillain Barré Syndrome ("GBS") and/or chronic inflammatory demyelinating polyneuropathy ("CIDP"), and/or an autoimmune polyneuropathy ("AP") that was/were caused in fact by her HPV vaccinations. Petitioner further alleges that she experienced the residual effects of her condition for more than six months.

5.     Petitioner represents that there has been no prior awards or settlements of a civil action for damages on her behalf as a result of her condition.

6.     Respondent denies that petitioner's GBS, CIDP, and/or AP, or any other condition, was caused-in-fact by her HPV vaccinations, and/or her Tdap, varicella, and/or flu vaccinations.

7.     Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8.     As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payments:

A.     a lump sum of $160,000.00 in the form of a check payable to petitioner; and

B.     a lump sum of $25,000.00 in the form of a check payable to petitioner and Barbara and Curt Olund for past unreimbursed medical expenses.

These amounts represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).

9.     As soon as practicable after the entry of judgment on entitlement in this case, and after petitioner has filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

10.     Petitioner and her attorney represent that compensation to be provided pursuant to this Stipulation is not for any items or services for which the Program is not primarily liable

under 42 U.S.C. § 300aa- 15(g), to the extent that payment has been made or can reasonably be expected to be made under any State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or by entities that provide health services on a pre-paid basis.

11.     Payments made pursuant to paragraph 8 and any amounts awarded pursuant to paragraph 9 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

12.     In return for the payments described in paragraphs 8 and 9, petitioner, and her heirs, executors, administrators, successors or assigns, does forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of petitioner resulting from, or alleged to have resulted from, the HPV vaccinations administered on November 6, 2007, January 14, 2008, and September 19, 2008, and/or Tdap and/or varicella vaccinations administered on November 6, 2007, and/or a flu vaccination administered on October 15, 2007, as alleged by petitioner in a petition for vaccine compensation filed on or about August 3, 2010, in the United States Court of Federal Claims as petition No. 10-505.

13.     If petitioner should die prior to entry of judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

3

14.    If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

15.    This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 9 above.  There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to.  The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

16.    This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that that petitioner's GBS, CIDP, and/or AP, or any other condition, was caused-in-fact by her HPV vaccinations, and/or her Tdap, varicella, and/or flu vaccinations.

17.    All rights and obligations of petitioner hereunder shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns.

END OF STIPULATION

/
/
/
/
/
/
/
/

4

Respectfully submitted,

PETITIONERS:

_Alicia Olund_
**ALICIA OLUND**

**ATTORNEY OF RECORD FOR
PETITIONERS:**

LAWRENCE R. COHAN
Anapol, Schwartz, Weiss, Cohan, Feldman,
& Smally, P.C.
1710 Spruce Street
Philadelphia, PA 19103
(215)790-4567

**AUTHORIZED REPRESENTATIVE
OF THE ATTORNEY GENERAL:**

VINCENT J. MATANOSKI
Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

**AUTHORIZED REPRESENTATIVE
OF THE SECRETARY OF HEALTH
AND HUMAN SERVICES:**

A. MELISSA HOUSTON M.D., M.P.H., FAAP
Acting Director, Division of
Vaccine Injury Compensation,
Acting Director, Countermeasures Injury
Compensation Program
Healthcare Systems Bureau
U.S. Department of Health
and Human Services
5600 Fishers Lane
Parklawn Building, Mail Stop 11C-26
Rockville, MD 20857

**ATTORNEY OF RECORD FOR
RESPONDENT:**

DEBRA A. FILTEAU BEGLEY
Trial Attorney
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
(202) 616-4181

5